IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM DAVIDSON, #382407, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:11-CV-1069-TMH |
| | ) [WO] |
| | ) |
| NEW YORK CITY DEPT. OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is before the court on a complaint filed by William Davidson ["Davidson"], an inmate currently incarcerated at the Corrigan-Radgowski Correctional Center in Uncasville, Connecticut. The complaint is, at best, rambling and for the most part unintelligible. However, it appears Davidson presents claims regarding the constitutionality of his arrest for a burglary committed in New York, New York and actions taken against him during his confinement within the custody of the New York Department of Corrections for this offense. New York City is located within the jurisdiction of the United States District Court for the Southern District of New York.

Upon thorough review of the complaint, the court concludes that this case should be transferred to the United States District Court for the Southern District of New York pursuant

to 28 U.S.C. § 1404.[1]

## DISCUSSION

A 42 U.S.C. § 1983 civil action "may be brought ... in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ... or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). The law further provides that "[f]or the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district ... where it might have been brought." 28 U.S.C. § 1404(a).

It is clear no defendant resides within the Middle District of Alabama and any individual who could serve as a proper defendant would reside in the Southern District of New York. Moreover, all the actions for which the plaintiff seeks relief occurred within the jurisdiction of the United States District Court for the Southern District of New York. Thus, the claims asserted by the plaintiff are beyond the venue of this court. However, the complaint establishes the proper venue for this cause of action is the United States District Court for the Southern District of New York.

In light of the foregoing, the court concludes that in the interest of justice and for the

---

[1] Davidson filed an application for leave to proceed *in forma pauperis*. *Court Doc. No. 2*. However, under the circumstances of this case, the court concludes that assessment and collection of any filing fee should be undertaken by the United States District Court for the Southern District of New York.

2

convenience of the parties this case should be transferred to the United States District Court for the Southern District of New York for review and determination.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Southern District of New York pursuant to the provisions of 28 U.S.C. § 1404.  It is further

ORDERED that **on or before February 8, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en*

---

[2] In transferring this case, the court makes no determination with respect to the merits of the plaintiff's claims for relief.

*banc*)*,* adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 25th day of January, 2012.

                                        /s/Charles S. Coody
                                  CHARLES S. COODY
                                  UNITED STATES MAGISTRATE JUDGE